**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERKELEY RESEARCH GROUP, LLC, a Nevada limited liability company,

  Plaintiff,

 v.

UNITED POTATO GROWERS OF AMERICA, INC., an Idaho corporation; UNITED POTATO GROWERS OF IDAHO, INC., an Idaho corporation; IDAGRO, INC., an Idaho corporation; ALBERT WADA, an Idaho resident; WADA FARMS, INC., an Idaho corporation; WADA FARMS POTATOES, INC., an Idaho corporation; WADA FARMS MARKETING GROUP, LLC, an Idaho limited liability company; WADA-VAN ORDEN POTATOES, INC., an Idaho corporation; CEDAR FARMS, INC., an Idaho corporation; WADA FAMILY, LLC, an Idaho limited liability company; PROFRESH, LLC, an Idaho limited liability company; JEFF RAYBOULD, an Idaho resident; RAYBOULD BROTHERS FARMS, LLC, an Idaho limited liability company' MICHAEL CRANNEY, an Idaho resident; CORNELISON FARMS, INC., a former Idaho corporation; KEITH CORNELISON, an Idaho resident; SNAKE RIVER PLAINS POTATOES, INC., an Idaho corporation; LANCE FUNK, an Idaho resident; PLEASANT VALLEY POTATO, INC., an Idaho corporation; KCW FARMS, INC., an Idaho corporation; KIM WAHLEN, an Idaho resident; and DOES 1-100,

  Defendants.
 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

No. C 16-07205 WHA

**ORDER ALLOWING SURREPLY AND DENYING MOTION TO SHORTEN TIME AND MOTION FOR EXTENSION OF TIME**

Plaintiff's reply in support of their motion to remand includes six declarations that could have been offered with their initial motion. Plaintiff acknowledges that its use of reply evidence contravenes the undersigned judge's standing order (Reply at 3 n.1). To prevent any prejudice as a result of plaintiff's sandbagging, defendants may also file a surreply by **FEBRUARY 28, 2017**.

Defendants' motion to shorten time to hear their own motion to dismiss for lack of personal jurisdiction or transfer venue (Dkt. No. 13) is **DENIED**. Defendants invoked federal jurisdiction and must face the scheduled challenge to it. They cannot skirt plaintiff's motion now by bringing their own motion that could have been heard in state court two months ago.

Plaintiff's motion to extend time to file their response to defendants' motion (Dkt. No. 16) is also **DENIED**. Plaintiff faces little burden — it need only explain why it was proper to file its action in the state it did. In any event, if Plaintiff succeeds on its motion to remand, it may recycle its efforts if defendants bring a renewed motion to dismiss in state court.

The schedule in the pending motions shall remain as follows, with the addition of the surreply deadline:

- Surreply on motion to *remand* due by **FEBRUARY 28, 2017**.
- Response to motion to dismiss due by **MARCH 2, 2017**.
- Hearing on motion to *remand*: **MARCH 9, 2017 AT 8:00 A.M.**
- Reply to response to motion to dismiss due by **MARCH 9, 2017**.
- Hearing on motion to dismiss: **MARCH 23, 2017 AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: February 23, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2