IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKELEY RESEARCH GROUP, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED POTATO GROWERS OF AMERICA, INC., an Idaho corporation; UNITED POTATO GROWERS OF IDAHO, INC., an Idaho corporation; IDAGRO, INC., an Idaho corporation; ALBERT WADA, an Idaho resident; WADA FARMS, INC., an Idaho corporation; WADA FARMS POTATOES, INC., an Idaho corporation; WADA FARMS MARKETING GROUP, LLC, an Idaho limited liability company; WADA-VAN ORDEN POTATOES, INC., an Idaho corporation; CEDAR FARMS, INC., an Idaho corporation; WADA FAMILY, LLC, an Idaho limited liability company; PROFRESH, LLC, an Idaho limited liability company; JEFF RAYBOULD, an Idaho resident; RAYBOULD BROTHERS FARMS, LLC, an Idaho limited liability company' MICHAEL CRANNEY, an Idaho resident; CORNELISON FARMS, INC., a former Idaho corporation; KEITH CORNELISON, an Idaho resident; SNAKE RIVER PLAINS POTATOES, INC., an Idaho corporation; LANCE FUNK, an Idaho resident; PLEASANT VALLEY POTATO, INC., an Idaho corporation; KCW FARMS, INC., an Idaho corporation; KIM WAHLEN, an Idaho resident; and DOES 1-100,<br><br>    Defendants.<br>_____ / | No. C 16-07205 WHA<br><br>**ORDER HOLDING MOTION TO REMAND IN ABEYANCE PENDING JURISDICTIONAL DISCOVERY** |

**INTRODUCTION**

Plaintiff moves to remand this contract dispute to state court for lack of subject-matter jurisdiction. For the reasons stated herein, the motion will be **HELD IN ABEYANCE** pending limited jurisdictional discovery.

**STATEMENT**

This action arises out of an expert litigation consulting contract between plaintiff Berkeley Research Group and defendants — a group of potato farmers, farms, and growing associations. Defendants hired BRG to provide expert services in connection with a multi-district litigation in the United States District Court for the District of Idaho.[*]

On November 1, 2016, defendants filed a breach of contract action in Idaho state court claiming BRG billed defendants inappropriately and provided substandard quality work. On November 18, BRG filed this breach of contract action in California state court, claiming defendants breached by not paying over eight-hundred thousand dollars in outstanding invoices. BRG served defendants in this action over a month *before* defendants served BRG in the Idaho action. Prior to serving BRG in the Idaho action, defendants removed this action to federal court.

In late January 2017, BRG moved to dismiss the Idaho action pursuant to Idaho Rule of Civil Procedure 12(b)(8) on the ground that another action was pending between the same parties for the same cause. In early February 2017, BRG filed this motion to remand for lack of subject-matter jurisdiction.

More than two weeks later, defendants filed their opposition to this motion and separately filed a motion to dismiss for lack of personal jurisdiction or to transfer venue. Defendants also filed a motion to shorten time to hear their motion to dismiss. BRG opposed defendants' motion to shorten time and separately filed a motion to extend time to file their opposition to defendants' motion. Both timing motions were denied (Dkt. No. 18).

---

[*] As of March 2, 2017, only six of the twenty-one captioned defendants have been served in this action: United Potato Growers of Idaho, Inc.; IdaGro, Inc.; Albert Wada; Wada Farms, Inc.; Cedar Farms, Inc.; and United Potato Growers of America, Inc. (Dkt. No. 20 at 2).

2

Defendants were also allowed (and took) an opportunity to file a surreply to this motion after BRG filed new evidence in their reply (*ibid.*).

BRG now asserts diversity is incomplete between them and defendants because United Potato Growers of America, Inc., one of the removing defendants, is a citizen of Utah, and at least four BRG limited liability company members have "a permanent, primary residence in Utah" (Pl.'s Reply Br. at 2).  UPGA's Utah citizenship is not contested.

This order follows full briefing and oral argument.

## ANALYSIS

The issue presented is whether at least one of BRG's members is a *citizen* of Utah, and whether defendants should be permitted to engage in limited jurisdictional discovery.

In determining diversity jurisdiction, a limited liability partnership is a citizen of every state in which its members are citizens.  Our court of appeals has extended this rule to limited liability companies.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Citizenship, for diversity jurisdiction, is synonymous with an individual's domicile.  An individual's domicile is where she is both physically present and evinces an intention to remain there indefinitely.  *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).  In *Lew*, our court of appeals indicated a number of objective factors that evince an individual's domicile (none is dispositive alone):  Current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.  *Id.* at 750.

**1.     THE SHOWING BY BRG IS NOT CONCLUSIVE.**

BRG provides declarations from four of its members, stating:  (1) each were members of BRG since June 2011 and were members when this action was filed in California in November 2016; (2) each maintains a permanent residence in Utah; (3) Utah has been the primary residence of each since becoming members of BRG; (4) each is registered to vote in Utah; and (5) the primary BRG office of three of the four members was in Salt Lake City, Utah (Dkt. No. 17-3–17-6).  The fourth member did not indicate his primary BRG office, but he

3

executed his declaration in Los Angeles and BRG's website shows Los Angeles as his primary BRG office (Defs.' Surreply at 6).

BRG argues that its members' declarations sufficiently "establish the [limited liability company] membership status and permanent residence of these individuals in Utah, citing factors including primary residence, workplace, and voter registration in the state" (Pl.'s Reply at 5).

Defendants understandably object, pointing out domicile is not the same as residence. BRG repeatedly asserts its members' residence in Utah but, inexplicably, never asserts their intent to remain or, explicitly, that their members are domiciled in, or citizens of, Utah. The objective facts that the members maintain permanent residences, are registered to vote, and have their primary office in Utah would support a statement of intent to remain, but they make none.

Only two explanations come to mind for not including a statement of intent to remain with BRG's declarations: (1) the neglect of counsel, or (2) the members do not intend to stay in Utah. While statements of intent in the domicile context are entitled to little weight when in conflict with the facts, *Lew*, 797 F.2d at 750, the total absence of an assertion of intent to remain indefinitely inserts suspicion into BRG's evidence. Without such an assertion, a permanent residence could just as well be a vacation home.

**2. LIMITED JURISDICTIONAL DISCOVERY IS APPROPRIATE.**

"Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

BRG, unlike defendants, is capable of providing substantial evidence that its Utah members are in fact domiciled in Utah. BRG's unnecessarily cryptic declarations leave us needing "a more satisfactory showing of the facts" to determine the intent of the BRG members to remain in Utah. As such, BRG's remand motion will be **HELD IN ABEYANCE** while defendants engage in limited jurisdictional discovery to resolve the issue. BRG shall *not* try to head off the discovery by rushing in with supplemental declarations.

4

As a final point, BRG argues that defendants' request for jurisdictional discovery is merely a ploy designed to delay BRG's motion and hear defendants' motion to dismiss for lack of personal jurisdiction first. This Court suspects the same. BRG offered to provide the Utah members' state driver's licenses but defendants denied this opportunity to resolve the question sooner (Dkt. No. 17-1 at 2). In fact, defendants could have noticed their motion in state court two months ago. Instead, they took advantage of this forum. This Court will ensure removal was legitimate before hearing defendants' motion.

**CONCLUSION**

For the foregoing reasons, BRG's motion to remand is **HELD IN ABEYANCE** pending limited jurisdictional discovery. Defendants may engage in the following jurisdictional discovery against each asserted Utah BRG member (Paul Shields, Patrick Kilbourne, David Judd, and Vernon Calder): (1) ten reasonably narrow interrogatories, (2) ten reasonably narrow document requests, and (3) one half-day deposition. The jurisdictional discovery is limited to the issue of the citizenship of those individuals. With the benefit of this discovery, defendants must then show cause why this action should not be remanded to state court for lack of subject-matter jurisdiction by **MARCH 30, 2017**. BRG may then file a response by **APRIL 6, 2017**. The issue will then be decided on the papers unless a hearing is deemed advisable.

Defendants' pending motion to dismiss for lack of personal jurisdiction will be **HELD IN ABEYANCE** until the jurisdictional discovery is complete and the specific subject-matter jurisdiction issue presented by the instant motion to remand is resolved. The hearing scheduled for March 23, 2017, is **VACATED**, and it will be re-set if the case is kept here.

**IT IS SO ORDERED.**

Dated: March 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE