IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERKELEY RESEARCH GROUP, LLC, a California limited liability company,

    Plaintiff,

v.

UNITED POTATO GROWERS OF AMERICA, INC., an Idaho corporation; UNITED POTATO GROWERS OF IDAHO, INC., an Idaho corporation; IDAGRO, INC., an Idaho corporation; ALBERT WADA, an Idaho resident; WADA FARMS, INC., an Idaho corporation; WADA FARMS POTATOES, INC., an Idaho corporation; WADA FARMS MARKETING GROUP, LLC, an Idaho limited liability company; WADA-VAN ORDEN POTATOES, INC., an Idaho corporation; CEDAR FARMS, INC., an Idaho corporation; WADA FAMILY, LLC, an Idaho limited liability company; PROFRESH, LLC, an Idaho limited liability company; JEFF RAYBOULD, an Idaho resident; RAYBOULD BROTHERS FARMS, LLC, an Idaho limited liability company; MICHAEL CRANNEY, an Idaho resident; CORNELISON FARMS, INC., a former Idaho corporation; KEITH CORNELISON, an Idaho resident; SNAKE RIVER PLAINS POTATOES, INC., an Idaho corporation; LANCE FUNK, an Idaho resident; PLEASANT VALLEY POTATO, INC., an Idaho corporation; KCW FARMS, INC., an Idaho corporation; KIM WAHLEN, an Idaho resident; and DOES 1–100,

    Defendants.

No. C 16-07205 WHA

**ORDER REMANDING ACTION, DENYING PLAINTIFF'S AND DEFENDANTS' REQUESTS FOR FEES AND COSTS, AND DENYING DEFENDANTS' MOTION TO FILE UNDER SEAL**

**INTRODUCTION**

Following jurisdictional discovery in this contract dispute, remand is unopposed. Both parties request fees and costs pursuant to Section 1447 of Title 28 of the United States

Code. For the reasons stated herein, the action is **REMANDED** and both requests are **DENIED**. Defendants' motion to file under seal is also **DENIED**.

**STATEMENT**

This action arises out of an expert litigation consulting contract between plaintiff Berkeley Research Group and defendants — a group of potato farmers, farms, and growing associations. Defendants hired BRG to provide expert services in connection with a multi-district litigation in the United States District Court for the District of Idaho.[*]

On November 1, 2016, defendants filed a breach of contract action in the Idaho Fourth Judicial District Court claiming BRG billed defendants inappropriately and provided substandard quality work. On November 18, BRG filed this breach of contract action in the Superior Court of California, County of Alameda, claiming defendants breached by not paying over eight-hundred thousand dollars in outstanding invoices. BRG served defendants in this action over a month *before* defendants served BRG in the Idaho action.

In late January 2017, BRG moved to dismiss the Idaho action pursuant to Idaho Rule of Civil Procedure 12(b)(8) on the ground that another action was pending between the same parties for the same cause. That motion was heard on March 1 and denied on April 12, finding costs and delay would be minimized for the plaintiffs (our defendants) if the Idaho action proceeded, and BRG would need to travel regardless of whether the action were in California or Idaho (Dkt. No. 48-2 at 11). The Idaho judge, however, stayed the proceedings there pending the resolution of the jurisdictional challenges in California (*ibid.*).

Prior to the Idaho motion practice and prior to serving BRG in the Idaho proceedings, defendants removed this action to federal court on December 16 (Dkt. No. 1). In early February 2017, BRG moved to remand for lack of subject-matter jurisdiction on diversity grounds, alleging BRG did not share a state of citizenship with any of the defendants (Dkt. No. 10). More than two weeks later, defendants filed their opposition to the motion to remand

---

[*] Previously, only six of the twenty-one captioned defendants had been served in this action (Dkt. No. 20 at 2). As of March 22, all remaining defendants have been served (Dkt. Nos. 28–42).

2

(Dkt. No. 14), and separately moved to dismiss for lack of personal jurisdiction or to transfer venue (Dkt. No. 12).

Defendants opposed remand, citing the insufficiency of BRG's supporting declarations as to their Utah members' citizenship (Dkt. No. 14). Defendants conceded that United Potato Growers of America was a citizen of Utah and that a Utah member of BRG would destroy diversity jurisdiction, due to BRG's limited liability company status (Dkt. No. 14 at 4–5).

BRG provided new evidence of its members' citizenship in its reply (Dkt. No. 17), and defendants were given (and took) an opportunity to file a surreply to that evidence (Dkt. No. 19). Following briefing and oral argument, an order held the motion to remand in abeyance and permitted jurisdictional discovery limited to determining the citizenship of the four BRG members who were purportedly citizens of Utah (Dkt. No. 25).

Defendants now file a statement announcing their nonopposition to remand and request fees and costs pursuant to Section 1447(c) of Title 28 of the United States Code (Dkt. No. 44). BRG also requests fees and costs pursuant to Section 1447(c) (Dkt. No. 46).

This order follows full briefing on BRG's motion to remand and defendants' motion to dismiss; oral argument on the motion to remand; defendants' statement requesting costs and fees; BRG's motion for costs and fees; and defendants' opposition to BRG's fee motion.

**ANALYSIS**

Defendants now concede that complete diversity is lacking (Dkt. No. 48 at 3). Because there is no federal subject-matter jurisdiction, this action is **REMANDED** to the Superior Court of California, County of Alameda.

Both parties now request costs and fees pursuant to Section 1447(c). Section 1447(c) provides, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees are appropriate "where the removing party lacked an objectively reasonable basis to seek removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Our court of appeals applied this standard in *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

"The appropriate test for awarding fees under [Section] 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

### 1. DEFENDANTS' REQUEST FOR FEES AND COSTS.

Defendants argue they are entitled to fees because BRG's inadequate provision of evidence forced defendants to oppose remand at substantial expense. Defendants rely on the following portion of *Martin*:

> In applying [the objectively reasonable basis test], district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under [Section] 1447(c).

*Martin*, 546 U.S. at 141. There, the defendants lacked an objectively reasonable basis for their removal but the plaintiffs were not awarded fees due to their fifteen-month delay in seeking remand.

Defendants claim the exception is applicable here as well because BRG allegedly failed to disclose facts necessary to determine jurisdiction until after jurisdictional discovery. Even if *Martin* allows an award of fees to a losing party on remand, an award is not warranted here. While a previous order found the evidence submitted by BRG warranted jurisdictional discovery, it did not find BRG acted with the intention of prolonging litigation and imposing costs on defendants. BRG offered to provide defendants with the driver's licenses of BRG's Utah members, but defendants did not take BRG up on that offer, allegedly expending nearly forty thousand dollars in costs and fees instead. As such, the equities guiding the discretion discussed in *Martin* are not present here.

Moreover, defendants focus on BRG's *post*-removal conduct only, ignoring their own flawed decision to remove in the first place. Section 1447(c) is aimed at dissuading removals carried out for the purpose of prolonging litigation and imposing costs on the opposing party.

4

*Martin*, 546 U.S. at 140. Defendants removed this action to federal court on December 16 without attempting to work with BRG to ascertain the citizenship of BRG's members (Dkt. No. 17-1 ¶ 2). On December 22, BRG notified defendants that the citizenship of some of its limited liability members may ruin complete diversity, to which defendants responded, "[w]e are aware of the LLC issue" (Dkt. No. 17-2). This conduct is contrary to the care Section 1447(c) was meant to encourage. Defendants assert that "[a]ll of this could have been avoided if BRG had more promptly and cooperatively disclosed facts necessary to determine jurisdiction" (Dkt. No. 44). So too if defendants sought this information prior to removal.

In their reply, defendants cite a host of non-binding decisions to support their position that a defendant may be awarded fees under Section 1447(c). While the decisions all awarded fees to defendants on remand, each is inapplicable to the instant action.

*Vaughan v. McArthur Bros.*, 227 F. 364, 368–69 (8th Cir. 1915), awarded costs to the defendant after finding one of the plaintiffs knew all along that he was a citizen of the same state as the defendant and only sought remand eight years after removal. *Duarte v. Donnelley*, 266 F. Supp. 380, 384 (D. Haw. Apr. 5, 1967) (Judge Martin Pence), ordered plaintiffs to pay an award of costs once it was revealed that the potential damages were far less than the jurisdictional minimum and plaintiffs had had ample time and responsibility to amend the complaint to the proper amount. *Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F. Supp. 1310, 1313 (N.D. Cal. Apr. 19, 1993) (Judge Vaughn Walker), awarded the defendant costs and fees on remand based on the plaintiff's own admission that the only federal claim pled was frivolous. *Brooks v. PrePaid Legal Services, Inc.*, 153 F. Supp. 2d 1299, 1302–03 (M.D. Ala. Aug. 8, 2001) (Judge Ira DeMent), awarded costs to the defendant when the plaintiffs sought to limit their damages to below the jurisdictional amount after removal. *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 369–71 (E.D. Pa. Mar. 9, 1995) (Judge Stewart Dalzell), awarded costs and fees to the defendant when, after removal, the plaintiff changed her story, claiming a defendant she originally asserted was nominal was not actually nominal, thus destroying complete diversity and requiring remand.

5

Defendants also rely on *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). Although *Micrometl* did *not* award the defendant costs and fees, it stated in dicta that Section 1447(c) did not contain a party-based limitation. There, the damages were below the jurisdictional minimum. Ultimately, *Micrometl* found an award for the defendants was inappropriate because nothing in the record suggested that plaintiff's counsel inflated its damages in the state court complaint to dupe defendant into removing, or otherwise exhibited bad faith throughout the proceedings. Finally, defendants rely on *Davis v. Simmons*, 2014 WL 3698002, at *10 (N.D. Iowa Jul. 24, 2014) (Judge Linda Reade), which found a defendant may recover fees under Section 1447(c) "if a plaintiff's conduct that caused the defendant to improperly remove the case was objectively unreasonable . . . ." There, the plaintiff's complaint mispled her own name and address. The defendant learned of the plaintiff's misrepresentations nine months after the defendant removed the action and immediately moved to remand the action. *Davis* found the plaintiff's misrepresentations unreasonable and awarded the defendant costs and fees incurred as a result of the removal.

Here, BRG did not make misrepresentations, plead frivolous claims, engage in forum manipulation, or otherwise provoke an award of fees for defendants. The only "unreasonable conduct" defendants point to is BRG's allegedly defective declarations and alleged obstructive behavior. The record does not persuasively show BRG was obstructive. It does, however, show that defendants hastily removed this action to federal court and took no action on at least one offer by BRG to provide domicile evidence informally. Defendants shall bear their own costs and fees.

### 3. BRG'S MOTION FOR FEES AND COSTS.

BRG audaciously makes its own request for fees and costs. The need for jurisdictional discovery alone suggests defendants' removal was objectively reasonable and that BRG's motion should be denied.

BRG's argument is two-part. *First*, BRG argues defendants lacked an objectively reasonable basis to remove, primarily because defendants should have inquired further into the citizenship of BRG's limited liability members. Our court of appeals in *Lussier*, 518 F.3d

6

at 1065, held that "[r]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Here, BRG's complaint only listed BRG as a Nevada limited liability company with its principal place of business in Emeryville, California (Compl. ¶ 1). Given the thirty-day limit on removal, it was not objectively unreasonable for defendants to remove based on this information in the complaint. BRG could have headed off any potential conflict by providing defendants with proof of its members' Utah citizenship, rather than simply stating there may be a problem, offering to provide members' driver's licenses, and waiting for defendants to respond. Instead, BRG allegedly incurred over sixty thousand dollars drafting and arguing the motion to remand, complying with written discovery, responding to supplemental discovery requests, and now opposing defendants' request for fees. BRG, like defendants, is responsible for the expense it could have prevented before engaging in this four-month long remand dispute.

*Second*, BRG relies on the same "unusual circumstances" exception in *Martin* to argue that even if defendants had an objectively reasonable basis to remove, defendants' conduct following removal would justify an award of costs and fees. That is, defendants' insistence on establishing satisfactory proof of the Utah BRG members' domicile should, according to BRG, stand as the basis for BRG's award under Section 1447(c). The order permitting jurisdictional discovery sufficiently explained how BRG's lawyer-prepared and artfully-worded declarations fell short of proving their Utah members were domiciled in Utah (Dkt. No. 25). BRG, like defendants, will bear its own fees and costs associated with defendants' removal.

**4.    DEFENDANTS' MOTION TO DISMISS.**

Defendants also ask that their motion to dismiss be revisited. Both parties now agree that there is no federal subject-matter jurisdiction, so this Court cannot entertain the motion to dismiss.

**5.    DEFENDANTS' MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL.**

Defendants' move to file under seal (1) the Buy Sell Agreement between BRG and one of its Utah members, Vernon Calder, (2) the Director Agreement between BRG and Calder, and (3) the Amended & Restated Limited Liability Company Operating Agreement of Berkeley

7

Research Group, LLC.  The parties conferred and designated these documents as confidential.  BRG filed a declaration pursuant to Local Rule 79-5(e), which requires the designating party to show the documents are sealable.  Under Rule 79-5(b), a document is sealable if it is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  BRG's declaration states the documents "contain confidential and proprietary information regarding the ownership structure, management, and business practices of BRG, as well as the terms of membership and employment of an individual member" (Dkt. No. 45 ¶ 5).  BRG's declaration hints, but does not allege, that the documents are protectable as trade secrets, or that they are otherwise entitled to protection under the law, as required by Rule 79-5(b).  Defendants' motion to file these documents under seal, therefore, is **DENIED**.

## CONCLUSION

For the foregoing reasons, BRG's motion to remand is **GRANTED**, both defendants' and BRG's requests for costs and fees are **DENIED**, and defendants' motion to file under seal is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 2, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE